UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LONNIE M. WILLIAMS-TURNER, | No. 2:17-cv-1481-JAM-EFB P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| MOGHADDAM, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. She seeks leave to proceed in forma pauperis. *See* 28 U.S.C. § 1915(a). For the reasons explained below, the court finds that plaintiff has not demonstrated that she is eligible to proceed in forma pauperis.

A prisoner may not proceed in forma pauperis:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Court records reflect that on at least three prior occasions, plaintiff has brought actions while incarcerated that were dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See, e.g., Williams v. Lopez*, No. 2:16-cv-0131-

1

KJM-KJN (E.D. Cal. June 7, 2016) (identifying plaintiff as a three-strikes litigant and denying plaintiff's application for leave to proceed in forma pauperis).

The section 1915(g) exception applies if the complaint makes a plausible allegation that the prisoner faced "imminent danger of serious physical injury" at the time of filing. 28 U.S.C. § 1915(g); *Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007). In this case, plaintiff alleges that from August 24, 2012, to the date of filing, she has been poisoned on a daily basis with arsenic/nitrites, and that on an unspecified date, various defendants discontinued her prescription pain medication in retaliation for her complaints about the poisoning. ECF No. 1 at 4.[1] She attaches urinalysis reports from 2012 through 2016, documenting positive results for nitrites in her urine. *Id.* at 5-14. She claims that the poisoning is destroying her vital organs, and causing cancer, post-traumatic stress disorder, depression, and pain. *Id.* at 15.

Plaintiff has been alleging arsenic poisoning since 2006 and courts in this district have repeatedly determined that her allegations are simply not plausible and do not meet the imminent danger exception. *See, e.g., Williams*, 2:16-cv-0131-KJM-KJN (E.D. Cal.), ECF Nos. 8 & 11; *Williams v. Macomber*, 2:15-cv-2268-MCE-KJN (E.D. Cal.), ECF Nos. 10 & 13; *Williams v. Norton*, 2:12-cv-2889-CKD (E.D. Cal.), ECF No. 4; *Williams v. Bauer*, 2:12-cv-2158-MCE-EFB (E.D. Cal.), ECF Nos. 12 & 14; *Williams v. Wedell*, 2:12-cv-1438-GEB-GGH (E.D. Cal.), ECF Nos. 12 & 14; *Williams v. CDCR*, 2:12-cv-1616-JAM-EFB (E.D. Cal.), ECF Nos. 7 & 9; *Williams v. Willie*, 2:11-cv-1532-MCE-DAD (E.D. Cal.), ECF Nos. 15 & 22; *Williams v. Gomez*, 2:11-cv-426-GEB-EFB (E.D. Cal.), ECF Nos. 40 & 45; *Williams v. Murray*, 2:11-cv-0069-MCE-JFM (E.D. Cal.), ECF No. 9. The instant complaint is no different in that it does not plausibly demonstrate that plaintiff is in imminent danger of serious physical injury. Plaintiff's application for leave to proceed in forma pauperis must therefore be denied pursuant to § 1915(g). Plaintiff must submit the appropriate filing fee in order to proceed with this action.

/////

/////

---

[1] This and subsequent page number citations to plaintiff's complaint are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by plaintiff.

Accordingly, because plaintiff has not paid the filing fee and is not eligible to proceed in forma pauperis, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's application to proceed in forma pauperis (ECF No. 2) be denied; and

2. Plaintiff be ordered to pay the filing fee within fourteen days of any order adopting these findings and recommendations.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 15, 2018.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE